```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MARILYN P. LABONTE, et al.,      :
        Plaintiffs,              :   Case No. 3:10-CV-1335(RNC)
V.                               :
TD BANK, N.A.,                   :
        Defendant.               :
```

RULING AND ORDER

The defendant has moved pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Southern District of Florida (doc. 11). After weighing the relevant factors, I conclude that the defendant has established by clear and convincing evidence that the Southern District of Florida is a more appropriate forum for this action despite the plaintiffs' preference for Connecticut. Some (but not all) of the plaintiffs reside in Connecticut and their counsel's law practice is based here. But a majority of the plaintiffs have equal or stronger ties to Florida, the plaintiffs already have counsel in Florida in connection with related litigation, the locus of operative facts is in Florida, the operative facts have little to do with Connecticut, numerous third party witnesses are located in Florida, and federal and state courts in Florida are adjudicating a number of cases arising from the same underlying fraudulent scheme. Because the weight of relevant factors tips decidedly in favor of transfer, the motion is granted.

Background

Plaintiffs seek to recover funds lost in a massive Ponzi scheme perpetrated by Scott W. Rothstein through his Florida law firm, Rothstein, Rosenfeldt Adler, P.A. ("RRA").[1] The plaintiffs loaned money to Banyon 1030-32, LLC ("Banyon"), an investment firm, for the purpose of investing in the proceeds of structured settlements in cases involving RRA. RRA informed potential investors that the settlement funds were held in escrow accounts at defendant TD Bank, N.A. in Florida ("TD Bank"). Plaintiffs allege that TD Bank either fraudulently or negligently vouched for the legitimacy of the RRA investment opportunity, misrepresented the security of the escrow accounts and confirmed the balances of the accounts to make investors feel more secure. They also claim that TD Bank conspired with Banyon and Rothstein to defraud them.

The plaintiffs in this case have a related case pending before Judge Kravitz in this District, LaBonte v. Levin, Case No. 3:10-CV-853(MRK), which has been stayed at the request of the parties. The plaintiffs recently reported to Judge Kravitz that they are negotiating an agreement to consolidate their claims in that case with claims of other Banyon and RRA creditors pending in bankruptcy proceedings and state court litigation in Florida.

---

[1] Rothstein has pleaded guilty in the Southern District of Florida to felony charges arising from the Ponzi scheme and been sentenced to prison for fifty years.

2

See id., Status Report filed April 28, 2011 (doc. 75) at 2. They further reported that if an agreement is reached, they will withdraw the action pending before Judge Kravitz and pursue their claims in Florida.[2]  Discussion

Under 28 U.S.C. § 1404(a), a civil case may be transferred "[f]or the convenience of parties and witnesses, [or] in the interests of justice." "Section 1404(a) reposes considerable discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Red Bull Assocs. v. Best Western Int'l, Inc., 862 F.2d 963, 967 (2d Cir. 1988)(quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). In determining whether a case should be transferred, courts weigh the following factors: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the convenience of parties, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) trial efficiency and (9) the location of relevant documents and relative ease of access to sources of proof. See Hanninen v.

---

[2] In the case before Judge Kravitz, the defendants filed a motion to dismiss based on, among other things, improper venue (doc. 36). The motion was denied without prejudice after the parties requested that the case be stayed.(doc. 64).

3

Fedoravitch, 583 F. Supp. 2d 322, 331 (D. Conn. 2008); Jones v. Walgreen Co., 463 F. Supp. 2d 267, 271 (D. Conn. 2006).

Plaintiffs' Choice of Forum

Courts generally do not disturb a plaintiff's choice of forum unless other factors strongly favor transfer. See New York Marine and General Ins. Co. v. Lafarge North America, Inc., 599 F.3d 102, 113-14 (2d Cir. 2010) ("clear and convincing evidence" standard is appropriate in evaluating motion to transfer); Hanninen, 583 F. Supp. 2d at 331 (requiring clear and convincing evidence to overturn plaintiff's choice of forum); Jones, 463 F. Supp. 2d at 271 (plaintiff's choice of forum should rarely be disturbed unless balance of other factors strongly favors transfer). A plaintiff's choice of forum receives less deference, however, when the locus of operative facts lies elsewhere. See Fuji Photo Film Co. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 376 (S.D.N.Y. 2006).

There are eight named plaintiffs in this case, four of whom are acting as trustees for four trusts and one foundation. Two of the eight plaintiffs - Joseph and Mary Sparveri - reside in Connecticut all year. Mr. Sparveri is an accountant. He is a witness in a case in Florida arising from the Ponzi scheme underlying this action and a defendant in yet another case. His malpractice carrier is handling his defense in Florida.

Three of the individual plaintiffs - Marilyn LaBonte, Roland

4

LaBonte and Richard Polidori - have residences in Connecticut and reside here for half of each year. These three plaintiffs also have substantial ties to Florida, however. All three reside in Florida for half of each year. Richard Polidori manages six companies in Florida and one in Connecticut. Roland Labonte manages multiple Florida companies while also acting as the chairman of a Connecticut corporation.

The remaining three individual plaintiffs have no apparent connection to Connecticut: Richard Bruno and Erin Rossitto are residents of Florida and Jack Linden is a resident of New York.

Of the four trusts, three are settled in Florida and one is settled in Connecticut. The foundation transacts business in Connecticut but has its situs in Florida.

After due consideration, I find that the deference owed to the plaintiffs' choice of Connecticut as the forum for this litigation is diminished because a majority of the plaintiffs have equal or greater ties to Florida and the locus of operative facts lies in Florida. See Fuji Photo Film Co., 415 F. Supp. 2d at 376.

Convenience of Witnesses

"The convenience of the witnesses is generally considered the most important factor in determining whether a venue transfer is appropriate." Hanninen, 583 F. Supp. 2d at 331. The moving party must specifically identify witnesses in the transferring

5

district upon which it will rely and state the likely contents of their testimony. Jones, 463 F. Supp. 2d at 274-75; In re Collins & Aikman Corp. Sec. Litig., 438 F. Supp. 2d 392, 395 (S.D.N.Y. 2006).

TD Bank has identified more than thirty witnesses in Florida who are likely to be deposed and may also be called to testify at trial. These witnesses fall into three broad categories: (1) RRA employees, (2) TD Bank employees, and (3) Banyon representatives. At oral argument on this motion and in a supplemental memorandum, T.D. Bank has provided specific information about each witness and the nature of his or her anticipated testimony. Plaintiffs contend that only a few of these witnesses will be needed to testify at trial. TD replies that the witnesses on its list will be needed to specifically refute allegations in the complaint.

After considering the parties' competing submissions, I find that the convenience of witnesses weighs heavily in favor of transfer. Though it is not possible at this stage of the case to identify which of the witnesses on defendant's lengthy list ultimately will be needed to testify at trial, it is reasonable to conclude that more than a few of them will be called by the defendant to testify on matters of importance to the core issues presented by the litigation. This group includes nonparty witnesses whose testimony would be essential, including Scott Rothstein and Michael Szafranski, both of whom are located in

6

Florida. Plaintiffs, on the other hand, have not identified any nonparty witnesses located in Connecticut who would be called to testify at trial on any disputed matters of importance to the case.[3]

Convenience of Parties

Plaintiffs contend that the Sparveris, who do not have a Florida residence, would be prejudiced if the case were transferred. This factor deserves careful consideration. The weight it receives is reduced, however, because Mr. Sparveri is a witness and defendant in related litigation in Florida. I find that in the particular context of this case, the inconvenience to the Sparveris (and possibly other plaintiffs) of litigating in Florida weighs only slightly in favor of keeping the case in Connecticut. This finding is influenced by the plaintiffs' recent report to Judge Kravitz that they are endeavoring to reach an agreement whereby they will be able to pursue their claims in Florida.

Locus of Operative Facts

In determining whether a case should be transferred, the

---

[3] At oral argument, plaintiffs' counsel mentioned some potential witnesses located in Connecticut: Larry Marks, a lawyer retained by the plaintiffs; employees of Sagemark Consulting, which facilitated payments to Banyon; and employees of Joseph Sparveri's accounting firm. Transcript of Oral Argument (doc. 25) at 27. Counsel did not state what these potential witnesses would be called on to discuss in their testimony and plaintiffs' supplemental memorandum makes no reference to any of them.

7

locus of operative facts is a "primary factor." Fuji Photo Film Co., 415 F. Supp. 2d at 375. Florida is clearly the locus of operative facts in this case. Plaintiffs invested their money with Banyon, a Florida investment firm, which forwarded the money to RRA, a Florida law firm. The money was lost as a result of Rothstein's massive Ponzi scheme in Florida. Plaintiffs claim that TD Bank conspired with RRA and Banyan in Florida and acted negligently with regard to funds held in its accounts in Florida. None of the critical events occurred in Connecticut.[4] I find that this factor also weighs heavily in favor of transfer.

Availability of Process to Compel Attendance of Witnesses

Most of the nonparty witnesses listed by TD Bank are located in Florida.[5] This Court would have no power to compel these witnesses to attend a trial in Connecticut.[6] Because the testimony of at least some of these nonparty witnesses would be

---

[4] Plaintiffs note that TD Bank and Banyon communicated with some of them while they were in Connecticut regarding the RRA investments. They also note that they transferred money from accounts in Connecticut to Banyon and received interest payments from Banyon in Connecticut. These facts fall far short of establishing a sufficient connection between the litigation and Connecticut to make Connecticut the locus of operative facts.

[5] Some of the witnesses listed by TD Bank are its employees and therefore under its control. The majority, however, are not TD Bank employees.

[6] See Fed. R. Civ. P. 45(b)(2), (c)(3)(A)(ii), (e). TD Bank has also raised the possibility that it will seek to implead a third party, Gibraltar Bank, which may not be subject to suit in Connecticut.

8

essential, this is yet another factor that weighs heavily in favor of transfer.

Relative Means of the Parties

Plaintiffs contend that transferring the case would result in hardship to them in the form of increased counsel fees. They report that their counsel of record in this case is representing them at a relatively low hourly rate and they express doubt about their ability to retain a lawyer in Florida willing to represent them for the same fee. There appears to be no reason why their current counsel could not be admitted pro hac vice in Florida, however. In addition, the plaintiffs already have counsel in Florida representing them in connection with related matters.[7]

Forum's Familiarity With Governing Law

Plaintiffs do not dispute that Florida law will govern the issues in this litigation. The Southern District of Florida is more familiar with Florida law and this factor therefore weighs in favor of transfer.

Judicial Economy

The Ponzi scheme underlying this action has given rise to numerous cases in Florida. Two cases are currently being litigated in the Southern District of Florida: Coquina

---

[7] Plaintiffs state that their Florida counsel would not be able to assume the role of lead counsel in the present case. Crediting that representation, there appears to be no reason why their Florida counsel could not work in tandem with their Connecticut counsel.

9

Investments v. Scott W. Rothstein, et al., No. 0:10-cv-60786 (Cooke), and Emess Capital, LLC v. Scott W. Rothstein, et al., No. 0:10-cv-60882 (Lenard). Bankruptcy proceedings involving RRA also are pending in the Southern District of Florida. See In re: Rothstein Rosenfeldt & Adler, No. 09-34791-BKC-RBR. In addition, there are a number of cases pending in state court in Florida. See Razorback Funding, LLC v. Scott W. Rothstein, et al., No. 09-062943 (19), Edward J. Morse et al. V. Scott W. Rothstein et al., No. 10-24110 (19), and VRLPI, LLC v. TD Bank, N.A., No. 10-14349 (19).[8]

TD Bank argues that transferring this case to the Southern District of Florida will serve the interest in judicial economy because the case is likely to be assigned to a judge who has one of the pending cases arising from the Ponzi scheme. Plaintiffs respond that they will be prejudiced if this case is combined with the other cases pending in Florida. They assert that this case is less complicated than the others and should be handled on its own. They also allege that the Florida cases are much farther along in discovery.

I agree with the defendant that transferring this case will serve the interest in judicial economy because the cases already

---

[8] In its supplemental memorandum, TD Bank refers to multiple actions brought by the plaintiffs in Florida Bankruptcy Court under the guise of "Banyon Noteholders." It does not specifically identify these cases.

pending in Florida appear involve the same or similar facts and legal issues.  Plaintiffs' contention that this case is relatively simple compared to the cases already pending in the Southern District is unsupported by analysis.  Moreover, plaintiffs' concerns about consolidation and the status of discovery in the other cases do not override the factors favoring transfer.  Any such concerns can be addressed by the judicial officer who receives the case.

Location of Relevant Documents

TD Bank states that documents relating to the claims in the complaint are located at its branch in Florida.  Plaintiffs state that records relating to the trusts' investments in the RRA scheme are located in Connecticut.[9]  The documents in Florida are likely to be more important to the litigation than the documents in Connecticut.  In any event, given the ease of transmitting documents, this factor is relatively unimportant.  See Hanninen, 583 F. Supp. 2d at 333.

Conclusion

In accordance with the foregoing, the motion to transfer is hereby granted.  The Clerk will take the necessary steps to transfer the action to the United States District Court for the

---

[9] Plaintiffs point out that the trusts were settled in Connecticut and all the documents relevant to their creation are here.  But the claims in this case do not appear to implicate the legitimacy or other attributes of the trusts.

11

Southern District of Florida.

So ordered this 11th day of May 2011.

```
_____/s/ RNC_____
         Robert N. Chatigny
     United States District Judge
```